**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KAYE FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-25- |
| | ) | |
| COMMUNITY STRATEGIES, INC., | ) | ADA/ADEA |
| d/b/a EPIC CHARTER SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

## PARTIES

1. The Plaintiff is Kaye Freeman, an adult resident of Bixby, Oklahoma.

2. The Defendant is Community Strategies, Inc., d/b/a Epic Charter Schools, a corporation headquartered and doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on disability as prohibited by the Americans With Disabilities Act as amended (hereafter ADA) and on age as prohibited by the ADEA. Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a), 29 U.S.C. 626(c) and 28 U.S.C. § 1331.

4. The Defendant is headquartered and doing business in Oklahoma County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

1

**STATEMENT OF FACTS**

5.    The Defendant is a corporation with its headquarters in Oklahoma County, Oklahoma and doing business throughout Oklahoma.

6.    At all times the Defendant had more than twenty (20) employees.

7.    The Plaintiff is Kaye Freeman, a female who is over forty (40) years of age and who was employed by the Defendant from approximately August 2020, until her wrongful termination on Oct. 25, 2024.

8.    At the time of her termination, the Plaintiff was an English teacher.

9.    At all times up through the date of her termination, the Plaintiff was qualified for her position and was satisfactorily performing her duties.

10.   When the Plaintiff was terminated, her position continued to exist and she was replaced with younger employees who do not have disabilities.

11.   When the Plaintiff was terminated, as part of a restructure, reorganization, or reduction in force, younger teachers who did not suffer from a disability were retained in positions that the Plaintiff was qualified to hold.  For example, an English teacher in Plaintiff's department, Jennifer Towler (approximately five (5) years younger), was retained, even though she is not certified as an English teacher. Ms. Cotheran (appoximately 30's) and Ms. Blockcolski (appoximately early 40's) were assigned Plaintiff's students.

12.   Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act as amended, in that she was born with some congenital heart defects which have required surgery.  In November 2023, Plaintiff was required to undergo surgery to treat several heart defects, including a microvalve replacement and to close a hole in her heart.  Plaintiff had a second

surgery three days later to stop bleeding in her lungs. These conditions significantly impaired the operation of Plaintiff's cardiovascular system, including the operation of Plaintiff's heart.

13. In the summer of 2024, Defendant hired from four to eight new teachers in the area where Plaintiff worked. All of these teachers were significantly younger than the Plaintiff and none had impairments requiring accommodations.

14. On October 25, 2024, Plaintiff was notified that she was being terminated as part of a claimed reduction in force. This was not true, as Plaintiff was the oldest teacher in her group, the only teacher with a disability, and was also the only teacher who was terminated from the approximately twenty teachers in her group, including the four to eight new hires.

15. Defendant, although claiming a reduction in force on a state-wide basis, did not comply with the Older Worker's Benefit Act in that no demographic data was supplied, and the time for consideration of the severance agreement was too short. Defendant did ask the Plaintiff to sign a release of claim, including claims of age and disability discrimination, which Plaintiff did not sign.

16. The real reason for Plaintiff's termination was based on her age and her disability, and possibly her need for an accomodation for remote teaching.

17. As the direct result of Defendant's discriminatory actions, the Plaintiff has been injured by lost income, past, present, and future, together with emotional distress and other dignitary harms. For such injuries, the Plaintiff seeks damages.

18. For her claim under the ADA, Plaintiff seeks all available compensatory damages, together with an award of punitive damages. In firing the Plaintiff,

Defendant was acting through its management level employees.  Because such actions were in willful or reckless disregard of the Plaintiff's federally protected rights, Defendant is liable for punitive damages as provided by law.

19.  For her claim under the ADEA, Plaintiff seeks compensation for her lost earnings, past, present, and future together with an award of liquidated damages.  Liquidated damages are based on the Defendant's willful violation of the ADEA, as evidenced by its actions of tendering a release of the ADEA claims while failing to provide the age information required by the OWBPA.

20.  Plaintiff filed a charge of discrimination for disability based on age and disability on or about November 30, 2024.  The EEOC issued a Right to Sue letter on or about December 2, 2024, which was received thereafter.  This suit is filed within ninety (90) days of receipt of the right to sue letter.

## PRAYER

Plaintiff prays that she be awarded her actual, liquidated, and punitive damages herein, together with costs, pre- and postjudgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 7th DAY OF FEBRUARY, 2025**.

s/Mark Hammons
HAMMONS, HURST & ASSOC
MARK HAMMONS OBA # 3784
325 Dean A. McGee
Oklahoma City, OK 73102
Ph:    (405) 235-6100
FAX:  (405) 235-6111
Email: assistant@hammonslaw.com
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**