# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

KAYE FREEMAN,

                Plaintiff,

v.

COMMUNITY STRATEGIES, INC., d/b/a EPIC CHARTER SCHOOLS, and EPIC CHARTER SCHOOLS

                Defendants.

Case No. CIV-25-00170-SLP

## DEFENDANT COMMUNITY STRATEGIES, INC., D/B/A EPIC CHARTER SCHOOLS' PARTIAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Community Strategies, Inc. d/b/a Epic Charter Schools ("Defendant"),[1] for its answer and defenses to the Amended Complaint [ECF No. 13] ("Complaint") filed by Plaintiff Kaye Freeman ("Plaintiff"), states as follows to the corresponding paragraphs in the Complaint. Each allegation is denied unless expressly admitted in this Answer. Epic has timely filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on all claims except Plaintiff's claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* ("Rehab Act"). Therefore, Defendant is *only* answering with respect to Plaintiff's disability discrimination claim under the Rehab Act.

---

[1] As noted in the Motion to Dismiss filed contemporaneously with this Answer, Epic Charter Schools is a tradename for Community Strategies, Inc. Given Epic Charter Schools is merely a tradename, it is not an independent party to this action and is thus not required to file a separate responsive pleading. To the extent necessary, this Answer should be construed as the Answer of Community Strategies, Inc. and Epic Charter Schools.

## PARTIES

1.      Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and therefore denies the same.

2.      Denied as stated. Defendant admits only that Community Strategies, Inc. d/b/a Epic Charter Schools is properly named as a defendant. Defendant denies that "Epic Charter Schools," a mere tradename for Community Strategies, Inc., is "a political subdivision with the authority to sue and be sued" or any implication that a tradename may be named as a separate party in a lawsuit.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains legal assertions or conclusions that do not require a response by Defendant. Defendant, however, denies that it took any action or failed to take any action giving rise to any legally cognizable claim by the Plaintiff and denies liability for any claims. Defendant denies that the Court has subject matter jurisdiction over any and all claims barred by Defendant's sovereign immunity.

4.      Defendant does not deny that venue is proper in this Judicial District with respect to Defendant.

## STATEMENT OF FACTS

5.      Defendant notes, for the sake of clarity, that the Complaint does not contain a paragraph number 5.

6.      Defendant admits it is a corporation with its headquarters in Oklahoma County, Oklahoma and does business throughout Oklahoma. Defendant denies as stated

that it "controls the operation of Epic Charter Schools by the appointment of Epic[']s school board."

7. Denied.

8. Admitted.

9. Denied with respect to the tradename "Epic Charter [S]chools." Paragraph 9 contains legal assertions or conclusions that do not require a response by Defendant. To the extent a response is required, these allegations are denied.

10. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and therefore denies the same.

11. Admitted.

12. Denied.

13. Denied as stated.

14. Denied.

15. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and therefore denies the same.

16. Denied as stated.

17. Denied as stated. Defendant admits only that in October 2024, Plaintiff was notified that she was being terminated.

18. Denied as stated. Defendant admits only that Plaintiff did not sign a Severance Agreement that was offered to her.

19. Denied.

20. Denied.

3

21. Denied.

22. Denied.

23. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC. Defendant is without sufficient information to admit the allegations regarding the dates in Paragraph 23 and therefore does not admit them. The copies of the Charge and EEOC Right to Sue letter are not attached to the Amended Complaint. The allegation that Plaintiff's EEOC Charge of Discrimination "serves to satisfy the OADA" constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same. Defendant admits that Plaintiff has filed a Notice of Tort Claim under the Oklahoma Governmental Tort Claims Act but denies that Plaintiff has "satisf[ied] its requirements." The remaining contentions in this paragraph are legal assertions or conclusions that do not require a response by Defendant. To the extent that a response is required, these allegations are denied.

## DEFENSES

1. Plaintiff's Complaint fails to state a claim against which relief can be granted against Defendant and therefore should be dismissed.

2. The Eleventh Amendment to the United States Constitution bars any claim against Defendant under the ADA and the ADEA. Accordingly, the Court is without subject-matter jurisdiction over Plaintiff's claims under the ADA and the ADEA as alleged against Defendant in this lawsuit.

3. Defendant has retained its sovereign immunity from liability as to any of Plaintiff's claims brought under the ADA, the ADEA, or the OADA.

4

4. "Epic Charter Schools" is a nonexistent entity and a mere tradename of Community Strategies, Inc., d/b/a Epic Charter Schools and therefore should be dismissed from this action with prejudice.

5. The time for which Plaintiff seeks compensation is *de minimis*.

6. Defendant asserts that Plaintiff has failed to satisfy all conditions precedent to pursuing the claims in Plaintiff's Amended Complaint.

7. Plaintiff's claims are barred in whole or in part by the applicable limitations period.

8. All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

9. Plaintiff's damages may be barred in whole or in part by the doctrine of after-acquired evidence.

10. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the damage caps and/or limits to punitive/exemplary damages under applicable federal, state, and other laws.

11. Punitive damages are categorically unavailable under the Rehab Act. *Hamer v. City of Trinidad*, 924 F.3d 1093 (10th Cir. 2019).

12. Plaintiff cannot establish that Defendant intentionally discriminated against her based on disability in order to support the recovery of compensatory damages. *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222 (10th Cir. 2009).

13. Plaintiff cannot establish that disability is the sole cause of the challenged adverse employment action. *See Crane v. Utah Dep't of Corrs.*, 15 F.4th 1296 (10th Cir. 2021).

14. To maintain the employment of or otherwise accommodate Plaintiff would have imposed an undue hardship upon Defendant.

15. Plaintiff may have failed to properly mitigate any alleged damages.

## **REQUEST FOR RELIEF**

Defendant Community Strategies, Inc., d/b/a Epic Charter Schools requests the following relief:

a. Judgment and/or dismissal in Defendant's favor and against Plaintiff on the Rehab Act claim asserted in the Amended Complaint;

b. Plaintiff take nothing by reason of the Rehab Act claim asserted in the Amended Complaint;

c. Defendant be awarded its costs of defending this action, including reasonable attorney's fees; and

d. Any other and further relief be afforded to Defendant that the Court deems just and proper.

/s/ *Samuel R. Fulkerson*

Samuel R. Fulkerson, OBA #14370
Matthew D. Craig, OBA #33489
Cameron G. Skinner, OBA #36256
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Suite 400
Oklahoma City, Oklahoma  73102
Telephone:  405-546-3774
Facsimile:  405-546-3775
sam.fulkerson@ogletree.com
matthew.craig@ogletree.com
cameron.skinner@ogletree.com

***Attorneys for Defendant Community Strategies, Inc., d/b/a Epic Charter Schools***

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically transmitted the foregoing

document to the Clerk of Court using the ECF system for filing and transmittal of a Notice

of Electronic Filing to the following ECF registrants:

Mark Hammons
Amber Hurst
Tammy Vo
HAMMONS, HURST & ASSOC
325 Dean A. McGee
Oklahoma City, OK 73102
Ph: (405) 235-6100
Fax: (405) 235-6111
assistant@hammonslaw.com


/s/ Samuel R. Fulkerson
 Samuel R. Fulkerson

89321381.v1-OGLETREE