IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAYE FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-170-SLP |
| ) | |
| COMMUNITY STRATEGIES, INC., ) | |
| d/b/a EPIC CHARTER SCHOOLS; and ) | |
| EPIC CHARTER SCHOOLS, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendants' Motion to Stay Case and Strike Scheduling Order [Doc. No. 27]. Plaintiff Kaye Freeman has responded [Doc. No. 28], and Defendants replied [Doc. No. 34]. For the reasons that follow, the Motion is GRANTED IN PART and DENIED IN PART.

Defendants ask the Court to strike the scheduling order and stay this action pending a ruling on Defendants' Partial Motion to Dismiss and Brief in Support, [Doc. No. 17], as its resolution will resolve the question of whether Defendants are entitled to Eleventh Amendment Immunity for some—but not all—of the claims alleged against them. Defendants' Partial Motion to Dismiss moves for dismissal of all claims except the Rehabilitation Act claim. *Id.*

A district court has the power to stay proceedings pending before it and to control its docket for the purpose of "economy of time and effort for itself, for counsel, and for

litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("The granting of the stay ordinarily lies within the discretion of the district court."). While the factors courts consider in deciding whether to grant a stay may be named or packaged differently across jurisdictions, the substance of the factors is largely the same. *Compare Alzheimer's Inst. of Am. v. Comentis, Inc.*, No. CIV-09-1366-F, 2010 WL 11508734, at *2 (W.D. Okla. Dec. 17, 2010) ("Factors relevant to the court's decision are (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship.") *with String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (considering "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest").

Defendants urge the Court to consider that the facts alleged in support of Plaintiff's ADA and ADEA claims are identical to the claims under the Rehab Act and OADA. [Doc. No. 27] at 2. Defendants conclude, therefore, that "any discovery relevant to the Rehab Act (or the OADA) would necessarily implicate discovery relevant to Plaintiff's claims under the ADA and ADEA—from which Epic is immune." *Id.* But Plaintiff rightly points out that this argument cuts both ways. Resp. [Doc. No. 28] at 7. Indeed, the Court agrees with Plaintiff that even if the Court finds that Defendants enjoy Eleventh Amendment immunity as to the ADA claim, the "same discovery would still be needed" to proceed with

2

the Rehab Act claim. *Id.* In fact, Defendants affirmatively state that "the only distinction between discovery relevant to Plaintiff's Rehab Act and discovery relevant to her ADA claim would be whether Epic is a recipient of federal funds." Mot. [Doc. No. 27] at 8. For her part, Plaintiff acknowledges the "one area where there might be additional discovery [is] on Plaintiff's age claim, but that would be only as to the age of Epic's employees." [Doc. No. 28] at 7–8.

Both parties agree that regardless of the Court's ruling regarding immunity, an appeal will likely ensue as the parties are entitled to an immediate right of appeal. Pl.'s Resp. [Doc. No. 28] at 10; Def.'s Reply [Doc. No. 34] at 6. Plaintiff argues that this fact weighs against a stay because this Court would essentially abdicate its "docket control to the Tenth Circuit." [Doc. No. 28] at 10. On the other hand, Defendants needlessly remind the Court that should a stay not be granted, there will be "highly disfavored motion practice" and discovery disputes. [Doc. No. 24] at 6. To be certain, the Court is well aware of the parties' positions, and the Court agrees that discovery disputes where parties cannot work in good faith to resolve disputes do, indeed, "unnecessarily burden" the judiciary.

Further, the Court is sensitive to Plaintiff's concerns regarding Defendants' recent lay-offs and the potential difficulties in identifying witnesses that may no longer be employed. [Doc. No. 28] at 2. In contrast, while a stay could unduly prejudice Plaintiff's ability to develop her case, proceeding with discovery exposes Defendants to little, if any, potential prejudice. As noted by both parties, the discovery for Plaintiff's ADA claim and Rehab Act claim likely have substantial overlap. [Doc. No. 27] at 5. Thus, even if the

Court were to rule in Defendants' favor on Eleventh Amendment immunity, the parties would still need to conduct discovery on the remaining Rehab Act claim.

The cases relied upon by Defendants do not address circumstances of a *partial* dismissal, as is the issue here. While Defendants rely heavily on *Taylor v. Colorado Dep't of Health Care Pol'y & Fin.*, that reliance is misplaced as the *Taylor* court made clear that the pending motion to dismiss in that action would dispose of the entire action, if granted. No. 12-CV-00300-PAB-KMT, 2012 WL 1657862, at *2 (D. Colo. May 11, 2012). Similarly, Plaintiff cites to *Moore v. Busby*, but all claims in that case were also subject to immunity. 92 F. App'x 699 (10th Cir. 2004). Finally, Defendants cite to numerous cases that address qualified immunity, not sovereign immunity. *See e.g.*, *Behrens v. Pelletier*, 516 U.S. 299 (1996); *Hunter v. Bryant*, 502 U.S. 224 (1991).

Plaintiff, however, cites to at least one case where the district court declined to grant a stay of all discovery as it would "sweep[] too broadly" and ultimately allowed discovery to move forward on claims and issues which were not potentially barred by Eleventh Amendment immunity. *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610 (D. Colo. 2006). The Court finds the *Hergert* Court's approach to be pragmatic.

Thus, having carefully considered the parties' arguments and legal authority, as well as the above-referenced factors, the Court finds that a stay of the entire action is not warranted. Because the pending Partial Motion to Dismiss does not stand to resolve all of Plaintiffs' claims, Defendants have not shown good cause to warrant a stay of discovery as to the entire matter. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (recognizing a stay is particularly appropriate "where the case is likely to be finally

4

concluded as a result of the ruling" on a dispositive motion, and "where the facts sought through uncompleted discovery would not affect the resolution of the motion."); *Sanchez v. Chu*, No. CV 13-0656 MCA/KBM, 2013 WL 12316864, at *2 (D.N.M. Dec. 17, 2013) (denying a motion to stay because the dispositive motion on file was "not necessarily dispositive of all issues in this case."). Defendants' argument that a stay is necessary even as to the Rehab Act claim because any other result would "infringe on the very purpose of the Eleventh Amendment immunity protection from suit" is unavailing. [Doc. No. 27] at 6.

Finally, the Court has confidence that the parties will be cooperative in discovery and avoid unnecessary disputes, particularly due to the relatively straightforward nature of this action. As such, there is no reason to believe discovery will be complex or inconvenient to the Court.

IT IS THEREFORE ORDERED THAT Defendants' Motion to Stay Case and Strike Scheduling Order [Doc. No. 27] is GRANTED IN PART and DENIED IN PART. The parties may proceed with discovery on the Rehabilitation Act claim. Discovery is stayed as to the remaining claims that may be subject to Eleventh Amendment immunity, pending a ruling on the Partial Motion to Dismiss [Doc. No. 17]. To the extent that the discovery sought by Plaintiff would be applicable to both the Rehab Act claim and another claim (such as the ADA), that discovery may proceed.

IT IS FURTHER ORDERED THAT the case is stayed as to the individual Defendant Epic Charter Schools, pending a ruling on the Partial Motion to Dismiss [Doc. No. 17] as to whether this Defendant is a separate entity or duplicative of Community

Strategies, Inc. d/b/a Epic Charter Schools.[1]  The case may proceed by and against Community Strategies, Inc. d/b/a Epic Charter Schools.

IT IS SO ORDERED this 7th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] This stay, of course, does not include the jurisdictional discovery and anticipated re-filing of the Partial Motion to Dismiss.