IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KAYE FREEMAN,                              )
                                          )
        Plaintiffs,                        )
                                          )
v.                                        )    Case No. CIV-25-170-SLP
                                          )
COMMUNITY STRATEGIES, INC.,                )
d/b/a EPIC CHARTER SCHOOLS; and            )
EPIC CHARTER SCHOOLS,                      )
                                          )
        Defendants.                        )

**O R D E R**

Before the Court are three related motions.    First, Defendants Community Strategies, Inc. d/b/a Epic Charter Schools and Epic Charter Schools filed a Partial Motion to Dismiss [Doc. No. 39], to which Plaintiff responded [Doc. No. 43], and Defendants replied [Doc. No. 47].  Second, Plaintiff filed a Motion to Strike Defendants' Reply [Doc. No. 48], to which Defendants responded [Doc. No. 49], and Plaintiff replied [Doc. No. 50]. Third, Defendant Community Strategies, Inc. D/B/A Epic Charter Schools filed a Motion to Withdraw Portions of its Partial Motion to Dismiss.[1]  [Doc. No. 55].

Addressing these motions in reverse order, Defendant requests to withdraw the portion of its Partial Motion to Dismiss [Doc. No. 39] arguing for entitlement to Eleventh Amendment immunity, in light of a recent opinion from the United States Supreme Court. *See* Mot. [Doc. No. 55] at 1 (citing *Galette v. New Jersey Transit Corporation*, Nos. 24-

---

[1] Due to the nature of the relief sought in the Motion to Withdraw, the Court does not require a response from Plaintiff before issuing its ruling on the Motion.

1021 and 24-1113, 607 U.S. ----, --- S. Ct. ---, 2026 WL 598450 (2026)).  The Motion to Partially Withdraw [Doc. No. 55] is GRANTED.

Defendant does not withdraw two portions of its Partial Motion to Dismiss and seeks rulings on its arguments that: (1) "Epic Charter Schools" is not a legal entity and therefore, not a proper party, and (2) punitive damages are unavailable for Plaintiff's Rehabilitation Act claims.  [Doc. No. 55] at 1, n.1.  Plaintiff, however, concedes both issues.  *See* Pl.'s Resp. [Doc. No. 43] at 6 ("Plaintiff consents to dismiss Epic Charter Schools as a named party and to proceed solely against Community Strategies, Inc., which does business under the Epic tradename."); *id.* at 30 (acknowledging that "punitive damages are not available for the Rehabilitation employment claim").  Accordingly, the Court finds that "Epic Charter Schools" is DISMISSED WITHOUT PREJUDICE and punitive damages are not available for Plaintiff's Rehabilitation Act claim.[2]

In light of the parties' concessions and Defendant's withdrawal of its Eleventh Amendment immunity argument, the Court finds it unnecessary to address Plaintiff's Motion to Strike Defendants' Reply.  Accordingly, the Motion to Strike is DENIED as MOOT.

IT IS THEREFORE ORDERED that Defendants' Partial Motion to Dismiss [Doc. No. 39] is GRANTED IN PART and WITHDRAWN IN PART.  Defendant Epic Charter

---

[2] *See Hamer v. City of Trinidad*, 924 F.3d 1093, 1109 (10th Cir. 2019) ("[P]unitive damages are categorically unavailable for suits under Title II [of the ADA] and section 504 [of the Rehabilitation Act]." (citing *Barnes v. Gorman*, 536 U.S. 181, 189 (2002))).

Schools is DISMISSED WITHOUT PREJUDICE.  The Court further rules as a matter of law that Plaintiff may not seek punitive damages for its Rehabilitation Act claim.

IT IS FURTHER ORDERED that Defendant's Motion to Withdraw Portions of its Partial Motion to Dismiss [Doc. No. 55] is GRANTED, and Defendants' arguments concerning Eleventh Amendment immunity are withdrawn.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Reply [Doc. No. 48] is DENIED as MOOT.

IT IS FURTHER ORDERED that this matter is set for a Status/Scheduling Conference on **April 3, 2026 at 11:00 A.M.** in Courtroom 304.  The parties are required to file the **Joint Status Report and Discovery Plan** not later than **March 30, 2026**.  *See* LCvR 16.1(a)(1) and *Appendix II.* The conference shall be attended by counsel with authority to make appropriate decisions.  *See* LCvR 16.1(b)(4).  In addition to the matters addressed in the Joint Status Report and Discovery Plan, the parties shall also confer in good faith prior to the conference regarding whether any or all of the three related cases[3] before the Court should be consolidated, either in their entirety or for limited purposes (such as discovery).  During these discussions, the parties should keep in mind principles of judicial economy and efficiency.

---

[3] *Freeman v. Community Strategies, Inc. d/b/a Epic Charter Schools*, Case No. 5:25-CV-00170-SLP; *Brice, et al. v. Community Strategies, Inc. d/b/a Epic Charter Schools*, Case No. 5:25-CV-01208-SLP; *Brooks, et al. v. Community Strategies, Inc. d/b/a Epic Charter Schools*, Case No. 5:25-CV-01209-SLP.

IT IS SO ORDERED this 16th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE