KAYE FREEMAN,

    Plaintiff,

v.

COMMUNITY STRATEGIES, INC., d/b/a EPIC
CHARTER SCHOOLS,

    Defendant.

Case No. CIV-25-00170-SLP

## DEFENDANT COMMUNITY STRATEGIES, INC., D/B/A EPIC CHARTER SCHOOLS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

  Defendant Community Strategies, Inc. d/b/a Epic Charter Schools ("Defendant"),

for its answer and defenses to the Amended Complaint [Doc. No. 13] ("Complaint") filed

by Plaintiff Kaye Freeman ("Plaintiff"), states as follows to the corresponding paragraphs

in the Amended Complaint. Each allegation is denied unless expressly admitted in this

Answer.[1]

---

[1] Epic has previously answered Plaintiff's claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* [ECF No. 18], and Plaintiff's claims under the Oklahoma Anti-Discrimination Act ("OADA"), 12 O.S. § 1301, *et seq.* [ECF No. 40]. Therefore, the only remaining claims for Defendant to answer are Plaintiff's federal age and disability discrimination claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* Despite this, Defendant is submitting this Answer, which responds to all claims set forth in the Amended Complaint, with the intent that it expressly supersedes its prior Answers. Thus, to the extent necessary, Defendant asks that the Court treat this Answer as an amendment to Defendant's prior Answers, which Defendant submits with Plaintiff's written consent under Fed. R. Civ. P. 15(a)(2).

**PARTIES**

1. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and therefore denies the same.

2. Denied as stated. Defendant admits only that Community Strategies, Inc. d/b/a Epic Charter Schools is properly named as a defendant. Defendant denies that "Epic Charter Schools," a mere tradename for Community Strategies, Inc., is "a political subdivision with the authority to sue and be sued" or any implication that a tradename may be named as a separate party in a lawsuit. Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

**JURISDICTION AND VENUE**

3. Paragraph 3 contains legal assertions or conclusions that do not require a response by Defendant. Defendant admits that Plaintiff asserts the claims referred to in this paragraph and that the Court has subject matter jurisdiction over this action as a result. Defendant expressly denies that it took any action or failed to take any action giving rise to any legally cognizable claim by the Plaintiff and denies liability for any claims.

4. Defendant does not deny that venue is proper in this Judicial District with respect to Defendant. Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

**STATEMENT OF FACTS**

5. Defendant notes, for the sake of clarity, that the Complaint does not contain a paragraph number 5.

6. Defendant admits it is a corporation with its headquarters in Oklahoma County, Oklahoma, and that it does business throughout Oklahoma. Defendant denies the remaining allegations in this paragraph as stated.

7. Denied. Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

8. Admitted with respect only to Defendant. Denied with respect to "Epic Charter Schools." Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

9. Denied with respect to the tradename "Epic Charter [S]chools." Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56. Defendant admits that it receives federal funds.

10. Defendant admits Plaintiff was employed by Defendant from on or around August 2020 through October 2024. Defendant denies that Plaintiff's termination was "wrongful." Defendant lacks sufficient knowledge or information regarding the remainder of the allegations in this paragraph and therefore denies the same. Defendant denies that Freeman was ever an employee of "Epic Charter Schools." Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

11. Admitted.

12. Denied.

13. Denied as stated.

14. Denied.

15. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and therefore denies the same.

16. Denied as stated. Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

17. Denied as stated. Defendant admits only that, in October 2024, Plaintiff was notified of her termination.

18. Denied as stated. Paragraph 18 contains legal assertions or conclusions that do not require a response from the Defendant. To the extent a response is required, these allegations are denied. Defendant admits only that Plaintiff did not sign a Severance Agreement that was offered to her. Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

19. Denied.

20. Denied. Further, the Court has dismissed "Epic Charter Schools" from this action. *See* Order, ECF No. 56.

21. Denied.

22. Denied.

23. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC. Defendant is without sufficient information to admit the allegations regarding the dates in Paragraph 23 and therefore does not admit them. The copies of the Charge and EEOC Right to Sue letter are not attached to the Amended Complaint. The allegation that Plaintiff's EEOC Charge of Discrimination "serves to satisfy the OADA" constitutes a legal conclusion to which no response is required. To the extent a response is required,

Defendant denies the same. Defendant admits that Plaintiff has filed a Notice of Tort Claim under the Oklahoma Governmental Tort Claims Act. The remaining contentions in this paragraph are legal assertions or conclusions that do not require a response by Defendant. To the extent that a response is required, these allegations are denied.

## DEFENSES

1. Plaintiff's Complaint fails to state a claim against which relief can be granted against Defendant and therefore should be dismissed.

2. The Eleventh Amendment to the United States Constitution bars any claim against Defendant under the ADA and the ADEA. Accordingly, the Court is without subject-matter jurisdiction over Plaintiff's claims under the ADA and the ADEA as alleged against Defendant in this lawsuit.[2]

3. To the extent the State of Oklahoma is the real-party-in-interest with respect to any of Plaintiff's claims, the action should be dismissed for failure to join a necessary party.

4. All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

---

[2] Defendant has voluntarily withdrawn its motion to dismiss based on Eleventh Amendment immunity, but notes that the law in this area continues to change, and it is possible, although unlikely, that a change in law may enable Defendant to reassert the defense. Accordingly, Defendant has included this defense to preserve the issue.

5.      Even if Plaintiff were to prove a discriminatory factor motivated in part the challenged actions—which Defendant expressly denies—Defendant would have taken the same action in the absence of such motivation.

6.      Plaintiff's damages may be barred in whole or in part by the doctrine of after-acquired evidence.

7.      Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the damage caps and/or limits to punitive/exemplary damages under applicable federal, state, and other laws.

8.      Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission.

9.      Plaintiff cannot establish age as a "but-for" cause of the challenged adverse employment action. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167 (2009).

10.      Even if Plaintiff was able to prove a violation of the ADEA, which Defendant expressly denies, Plaintiff would not be entitled to liquidated damages under 29 U.S.C. § 626(b) because any such violation was not a willful violation. At all times relevant to this action, Defendant had appropriate policies and training in place, acted in good faith, and had reasonable grounds for believing it did not violate the provisions of the ADEA. *See TWA v. Thurston*, 469 U.S. 111, 129–30 (1985); 29 U.S.C. § 260.

11.      Plaintiff's Amended Complaint fails to state a proper claim for compensatory or punitive damages as all of Defendant's challenged actions were the product of good faith efforts as defined in 42 U.S.C. § 1981a(a)(3).

12. Defendant has in place a clear and well-disseminated policy against discrimination and retaliation, and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise, and thus Plaintiff's claims of alleged discrimination and/or retaliation are barred.

13. Providing Plaintiff's requested accommodation of full-time remote teaching would have been unreasonable because it would have contravened the teaching model, which required some in-person teaching, and would have imposed an undue hardship on the Defendant.

14. Plaintiff is not entitled to compensatory or punitive damages for her Rehab Act claim.

15. Plaintiff may have failed to properly mitigate any alleged damages upon information and belief.

16. If Plaintiff has received any interim earnings, those must be deducted from any back pay award.

## REQUEST FOR RELIEF[3]

Defendant Community Strategies, Inc., d/b/a Epic Charter Schools requests the following relief:

---

[3] To the extent necessary, Defendant's Request for Relief should be construed as a denial that Plaintiff is entitled to the relief requested in the "Prayer" paragraph of the Amended Complaint.

a. Judgment and/or dismissal in Defendant's favor and against Plaintiff for all claims asserted in the Amended Complaint;

b. Plaintiff takes nothing by reason of the claims asserted in the Amended Complaint;

c. Defendant be awarded its costs of defending this action, including reasonable attorney's fees; and

d. Any other and further relief be afforded to Defendant that the Court deems just and proper.

/s/ *Samuel R. Fulkerson*
Samuel R. Fulkerson, OBA #14370
Matthew D. Craig, OBA #33489
Cameron G. Skinner, OBA #36256
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Suite 400
Oklahoma City, Oklahoma  73102
Telephone:  405-546-3774
Facsimile:  405-546-3775
sam.fulkerson@ogletree.com
matthew.craig@ogletree.com
cameron.skinner@ogletree.com

***Attorneys for Defendant Community Strategies, Inc., d/b/a Epic Charter Schools***

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Hammons
Amber Hurst
Tammy Vo
HAMMONS, HURST & ASSOC
325 Dean A. McGee
Oklahoma City, OK 73102
Ph: (405) 235-6100
Fax: (405) 235-6111
assistant@hammonslaw.com


*/s/ Samuel R. Fulkerson*
 Samuel R. Fulkerson

96494834.v1-OGLETREE